Filed 9/2/15  In re Jeremiah C. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re JEREMIAH C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. JEREMIAH C., Defendant and Appellant. | A144606 (San Mateo County Super. Ct. No. 84141) |

The juvenile court sustained a Welfare & Institutions Code section 602 petition alleging that appellant Jeremiah C. committed vandalism (Pen. Code, § 594).  On appeal, appellant challenges the sufficiency of the evidence to support the court's finding.  We affirm.

BACKGROUND

On June 24, 2014, appellant and friends were playing around after summer school at Westmoor High School, jumping on parked cars.  Appellant jumped onto the hood and then the roof of a red 1992 Nissan Stanza.  He slipped and fell on his back, denting the roof of the car.  The other boys who had jumped on cars that day did not cause any damage.

1

Other students told a high school administrator about the incident, and appellant admitted to the administrator that he had jumped on the car and dented the roof. The police were summoned, and appellant told a police officer he slipped and fell on the roof of the car, resulting in the dent. It was determined that the dent could not be fixed for less than the $2,500 bluebook value of the car.

In December 2014, the San Mateo County District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) alleging appellant committed felony vandalism (Pen. Code, § 594, subd. (b)(1)). At the jurisdictional hearing in March 2015, the juvenile court granted appellant's motion to amend the petition to allege a misdemeanor. The court sustained the amended petition, declared appellant a ward of the court, and placed him on probation. Appellant's restitution was set at $2,500. This appeal followed.

DISCUSSION

Appellant challenges the sufficiency of the evidence to support the vandalism charge.

"In determining the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*In re Z.A.* (2012) 207 Cal.App.4th 1401, 1424.) A person is guilty of vandalism if he "maliciously [damages] any real or personal property not his or her own." (Pen. Code, § 594 subd. (a).) "[A] person acts maliciously *either* when acting with 'a wish to vex, annoy, or injure another person' or with the 'intent to do a wrongful act.' [Citation.] As our Supreme Court has explained, the first type of malice . . . is known as '[m]alice in fact' and 'consists of actual ill will or intent to injure.' [Citation.] However, the second type of malice . . . is known as 'malice in law.' [Citation.] 'Malice in law may be "presumed" or "implied" from the intentional doing of the act without justification or excuse or mitigating circumstances.' " (*People v. Kurtenbach* (2012) 204 Cal.App.4th 1264, 1282 (*Kurtenbach*).)

2

In *Kurtenbach*, the defendant intentionally burned down a house he owned and in the process damaged a neighboring house. (*Kurtenbach*, *supra*, 204 Cal.App.4th at p. 1271.) The defendant was charged with, among other things, vandalism, based on the damage to the neighboring house. (*Id.* at p. 1281.) On appeal, the court stated, "[b]ecause of the theory of malice in law, the jury could find that [the defendant] acted maliciously based on his commission of *any wrongful act* that caused damage to the neighbors' house." (*Id.* at p. 1282.) The court rejected the defendant's contention that "the wrongful act had to be directed toward causing damage to the neighbors' house." (*Ibid.*)

In the present case, appellant does not dispute that his act of jumping on the roof of the subject car was a wrongful act. Instead, he contends the juvenile court's true finding must be reversed because the damage caused by the slip and fall was not a " 'direct, natural, and highly probable consequence[]' " of his act of jumping on the roof. For that standard he cites the decision in *People v. Atkins* (2001) 25 Cal.4th 76, 89, which stated that an *arson* conviction requires "a general intent to willfully commit the act of setting on fire under such circumstances that the direct, natural, and highly probable consequences would be the burning of the relevant structure or property."[1]

Assuming the "direct, natural, and highly probable consequences" formulation in *Atkins* applies to a vandalism charge, we conclude sufficient evidence supports the juvenile court's true finding. The court could reasonably conclude that damage to the roof of a car is a direct and highly probable consequence of jumping on it. The court could have reasoned that, although a car roof is designed to protect a car's occupants by maintaining its structural integrity in a collision, it is not designed to be immune to cosmetic damage arising from unanticipated activities such as someone jumping on the roof. The fact that appellant's friends apparently did not damage the cars they climbed

---

[1] Appellant misquotes *Atkins* as stating, "the direct, natural, and highly probable consequences of the act are the damage, defacement, or destruction of property." In fact, *Atkins* only used the highly probable consequences language with reference to an arson charge; no vandalism charge was involved in the case.

on does not undermine the juvenile court's finding. The testimony did not indicate that their behavior was identical to appellant's, and, in any event, damage from an act need not be a certainty to support a vandalism charge.

Appellant also attempts to distinguish his wrongful act of climbing on the roof from the non-wrongful act of slipping. He points out it was the fall that actually dented the roof and argues the fall was accidental rather than malicious. We reject appellant's attempt to separate the incident into two separate acts. The possibility of falling was implicit in the act of jumping on the roof of the car, especially in light of testimony that the car was "slippery." It is immaterial whether the damage was caused by the initial jump on the roof or the subsequent fall, because the damage resulting from the fall was encompassed within the risk of damage created by the act of jumping on the roof— damage resulting from placing body weight on the roof of the car.

## DISPOSITION

The juvenile court's orders are affirmed.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A144606)